# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENISE WHITE,<br><br>            Plaintiff,<br>    vs.<br><br>CAROLYN W. COLVIN, Acting<br>Commissioner of Social Security,<br><br>            Defendant. | Case No. EDCV 15-1198-VAP (KES)<br><br>ORDER TO SHOW CAUSE |

    Under Section V.A of the Court's July 31, 2015 Case Management Order (a copy of which is attached hereto), Plaintiff was required to serve and file her motion for judgment on the pleadings within 35 days of the service and filing of the Answer.

    The Answer was served and filed on March 22, 2016. Thus, including the 3 extra days to which Plaintiff was entitled under Fed. R. Civ. P. 6(d), the filing deadline for Plaintiff's motion for judgment on the pleadings was April 29, 2016. Although that deadline now has elapsed, Plaintiff still has not filed her motion for judgment on the pleadings.

    Accordingly, on or before **June 7, 2016**, Plaintiff is ORDERED to either (a) serve and file her motion for judgment on the pleadings in accordance with the format specified in Section VI of the July 31, 2015 Case Management Order or (b) show good cause in writing, if any exists, why Plaintiff did not timely file her motion for

judgment on the pleadings, and why the Court should not recommend that this action be dismissed for failure to prosecute and failure to comply with the Court's prior Order. Plaintiff is forewarned that, if she fails to do either, the Court will deem such failure a further violation of a Court order justifying dismissal and also deem such failure as further evidence of a lack of prosecution on Plaintiff's part.

DATED: May 10, 2016

_____
KAREN E. SCOTT
UNITED STATES MAGISTRATE JUDGE

```
I HEREBY CERTIFY THAT THIS
DOCUMENT WAS SERVED BY FIRST
CLASS MAIL, POSTAGE PREPAID, TO
(SEE BELOW) AT THEIR RESPECTIVE
MOST RECENT ADDRESS OF RECORD IN
THIS ACTION ON THIS DATE

TO:       DATE:      DEPUTY CLERK:
Plaintiff  7/31/2015   JD
```

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENISE WHITE,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>　　　　　Defendant. | Case No. EDCV 15-1198-VAP (KES)<br><br>CASE MANAGEMENT ORDER<br>[Social Security] |

**NOTE: THIS ORDER SUPERSEDES THE PREVIOUSLY ASSIGNED MAGISTRATE JUDGE'S CASE MANAGEMENT ORDER ISSUED ON JUNE 22, 2015. SINCE PLAINTIFF IS PROCEEDING IN PRO PER, THIS CASE IS NOT SUBJECT TO THE ELECTRONIC FILING PROCEDURES. FURTHER, THIS ORDER DIFFERS IN VARIOUS RESPECTS FROM THE COURT'S USUAL SOCIAL SECURITY CASE MANAGEMENT ORDER.**

　　In order to facilitate the just, speedy, and inexpensive determination of this case, the parties shall comply with the following instructions.

//
//

## I. Service of the Summons and Complaint

Plaintiff shall promptly serve the summons and complaint on the Commissioner in the manner required by Rule 4(i) of the Federal Rules of Civil Procedure and 20 C.F.R. § 423.1.[1] Such service shall consist of sending copies of the summons and complaint by registered or certified mail to each of the following: (a) the United States Attorney for the Central District of California, or his or her authorized agent, addressed to the civil process clerk at the Office of the United States Attorney, Civil Division, Room 7516, Federal Building, 300 North Los Angeles Street, Los Angeles, California 90012; (b) Region IX Chief Counsel, Office of the General Counsel, Social Security Administration, 160 Spear Street, Suite 800, San Francisco, CA 94105-1545; and (c) the Attorney General of the United States in Washington, D.C. Plaintiff shall then file promptly file a proof of service showing compliance with this paragraph. The failure to effectuate proper service within one hundred and twenty (120) days after the filing of the Complaint may result in the dismissal of this case. See Fed. R. Civ. P. 4(m).

## II. Motion to Dismiss

Any motion to dismiss the complaint shall be filed in accordance with the rules governing noticed motions; provided, however, that the motion shall be deemed submitted on the basis of the papers timely filed as of the hearing date, without oral argument, unless the Court orders otherwise. See Fed. R. Civ. P. 7 and 12; C.D. Cal.

---

[1] If this order is received by plaintiff prior to service of the summons and complaint, plaintiff shall serve a copy of it concurrently with the summons and complaint and promptly file a proof of service. If this order is not received by plaintiff prior to service of the summons and complaint, plaintiff shall serve a copy of it by first-class mail on the Office of the United States Attorney at the address set forth in Paragraph I(a) within fourteen (14) days of receipt, and promptly file a proof of service with the Court.

Local Rules 7 and 12.

### III. Service of Administrative Record and Filing of Answer

The Commissioner shall have one hundred and twenty (120) days from the date of service of the complaint in which to (a) serve and lodge a complete copy of the certified administrative record, and (b) serve and file an answer.

### IV. Discovery and Pre-trial Proceedings

No discovery or other pre-trial proceedings not authorized by this order shall be conducted without leave of court. In particular, no motion for summary judgment shall be filed. The decision in this case will be made on the basis of the pleadings, the administrative record, and the parties' cross-motions for judgment on the pleadings. In accordance with Rule 12(c) of the Federal Rules of Civil Procedure, the Court will determine which party is entitled to judgment under the standards set forth in 42 U.S.C. § 405(g).

### V. Schedule for Filing of Cross-Motions for Judgment on the Pleadings

A. The cross-motions for judgment on the pleadings shall be filed according to the following schedule:

   1. Within 35 days of the service and filing of the answer, plaintiff shall serve and file his/her motion for judgment on the pleadings.

   2. Within 35 days of the service of plaintiff's motion, the Commissioner shall serve and file his/her opposition/cross-motion for judgment on the pleadings.

   3. Within 28 days of the service of the Commissioner's opposition/cross-motion, plaintiff shall serve and file his/her reply/opposition thereto.

B. This matter will be taken under submission as of the date plaintiff's

reply/opposition is due and decided on the papers without oral argument. See Local Rule 7-15.

**VI.   Format of Plaintiff's Motion for Judgment on the Pleadings**

Plaintiff's motion for judgment on the pleadings shall conform to the following format, and comply with the local rules governing form and typeface:

   A.   Summary of the Case.  Plaintiff shall provide a brief summary of the background facts and procedural history.

   B.   Medical Evidence.  Plaintiff shall state whether plaintiff will stipulate that the ALJ's decision fairly and accurately summarizes the material medical evidence and testimony of record.  If not, plaintiff shall either (a) specify the respects in which plaintiff contends the ALJ's decision misstates, mischaracterizes, or omits any of the material medical evidence and/or testimony of record, or (b) state that the contentions of misstatement, mischaracterization, or omission will be addressed in Section D below.

   C.   Statement of Disputed Issues.  Plaintiff shall identify and frame, in a neutral fashion, each of the disputed issues that plaintiff is raising as the grounds for reversal and/or remand.  [Example: "Issue No. 1 – Whether the ALJ properly evaluated plaintiff's subjective complaints of pain."]

   D.   Issues and Contentions.

      1.   Issue No. 1 [The heading shall conform to the first issue listed by plaintiff in the Statement of Disputed Issues.].  Plaintiff shall concisely set forth plaintiff's contentions (including citations to the page(s) of the administrative record where cited evidence is found, complete citations to relevant legal authority, and definitions of medical terminology).

      2.   Issue No. 2, etc. [Repeat the foregoing format as needed.]

   E.   Relief Requested.  Plaintiff's statement of relief requested.

//
//

4

**VII. Format of the Commissioner's Opposition/Cross-Motion for Judgment on the Pleadings**

The Commissioner's opposition/cross-motion shall conform to the following format, and comply with the local rules governing form and typeface:

A. <u>Summary of the Case</u>. The Commissioner shall provide a brief summary of the background facts and procedural history.

B. <u>Medical Evidence</u>. The Commissioner shall state whether the Commissioner will stipulate that the ALJ's decision fairly and accurately summarizes the material medical evidence and testimony of record. If not, the Commissioner shall either (a) specify the respects in which the Commissioner contends that the ALJ's decision misstates, mischaracterizes, or omits any of the material medical evidence and/or testimony of record, or (b) state that the contentions of misstatement, mischaracterization, or omission will be addressed in Section D below.

C. <u>Statement of Disputed Issues</u>. The Commissioner shall not be bound by the manner in which plaintiff framed the issues in dispute, if the Commissioner believes that plaintiff did not frame them in a neutral or otherwise appropriate fashion. Thus, the Commissioner may reframe the issues identified by plaintiff as being in dispute, so long as the opposition/cross-motion is responsive to the issues raised by plaintiff.

D. <u>Issues and Contentions</u>.

    1. Issue No. 1 [The heading shall conform to the first issue listed by the Commissioner in the Statement of Disputed Issues.]. The Commissioner shall concisely set forth the Commissioner's contentions (including citations to the page(s) of the administrative record where cited evidence is found, complete citations to relevant legal authority, and definitions of medical terminology).

    2. Issue No. 2, etc. [Repeat the foregoing format as needed.]

E. <u>Relief Requested</u>. The Commissioner's statement of relief requested.

5

## VIII. Requests for Extensions of Time

The deadlines set forth in this order are designed to give parties exercising reasonable diligence sufficient time to perform the required acts without seeking extensions of time. Accordingly, requests for extensions of time are discouraged. Any such request shall set forth specific facts showing that additional time is needed despite diligent attempts to meet a deadline. Requests for extensions of time shall be filed at least three (3) days before the deadline that is the subject of the request. Whenever possible, a request for extension of time should be made in the form of a proposed stipulated order.

## IX. Oral Argument

Unless otherwise ordered, the issues presented in the parties' cross-motions for judgment on the pleadings shall be deemed submitted for decision without oral argument.

**IT IS SO ORDERED.**

DATED: July 31, 2015

*Karen E. Scott*
_____
KAREN E. SCOTT
UNITED STATES MAGISTRATE JUDGE